UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY McCAMEY, ) | CASE NO. C07-0013-RSM-MAT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER TO SHOW CAUSE AND |
| ) | ADVISE AS TO CURRENT |
| SNOHOMISH COUNTY JAIL, et al., ) | ADDRESS |
| ) | |
| Defendants. ) | |
| _____ ) | |

Defendants' Motion for Summary Judgement (Dkt. 26) is now pending before the Court. Plaintiff failed to respond to this dispositive motion. Also, although transferred from Snohomish County Jail into the custody of the Washington State Department of Corrections on April 17, 2007 (*see* Dkt. 21, ¶ 8), plaintiff has not advised the Court as to his current address. Accordingly, the Court hereby finds and ORDERS:

(1)   Pursuant to Local Civil Rule 7(b)(2), a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the Court to be an admission that the motion has merit. Also, as the Court previously advised:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

01       Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added). As such, plaintiff is ordered to show cause on or before **July 23, 2007** why defendants' summary judgment motion should not be granted. Defendants may submit a reply to plaintiff's submission on or before **July 27, 2007** and their motion for summary judgment is renoted for consideration as of that same date.

      (2)    Local Civil Rule 41(b)(2) requires plaintiff to keep the Court and opposing parties advised as to his current address. "If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute." CR 41(b)(2). Plaintiff is, therefore, also ordered to promptly advise the Court and defendants as to his current address. His failure to do so may result in the dismissal of this case[1].

---

[1] Defendants provided an address for plaintiff, at the Washington Corrections Center in Shelton, Washington, in the Certificate of Service attached to their summary judgment motion. (*See* Dkt. 26 at 20.) There is no indication defendants' motion was returned as undeliverable. As such, until advised otherwise by plaintiff, the Court will update the docket to reflect the address identified by defendants and will direct this Order and any subsequent Orders to that address.

(3)     The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 14th day of June, 2007.

_____
Mary Alice Theiler
United States Magistrate Judge