UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY MCCAMEY, ) | CASE NO. 07-0013-RSM-MAT |
| Plaintiff, ) | |
| v. ) | REPORT AND RECOMMENDATION |
| SNOHOMISH COUNTY JAIL, et al., ) | |
| Defendants. ) | |

## INTRODUCTION

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. He claims that named defendant Sergeant Fred Young "spray[ed] a short but very lethal amount of [Oleoresin Capsicum ("O.C.") or pepper spray ] into my cell VIA the 1/2 in. space under my cell door[,]" and names Snohomish County Jail as the entity responsible for training "their officers in proper protocol in the uses of O/C (mace)." (Dkt. 6 at 3-4.)[1]

Defendants moved for summary judgment (Dkt. 26) and plaintiff failed to respond to the dispositive motion. On June 14, 2007, the Court issued an Order to Show Cause, noting that,

---

[1] The Court previously found that plaintiff failed to state a claim against two other defendants and dismissed those defendants from the case. (Dkt. 8.)

REPORT &
RECOMMENDATION
PAGE -1

01 pursuant to Local Civil Rule 7(b)(2), a party's failure to file necessary documents in opposition
02 to a motion for summary judgment may be deemed by the Court to be an admission that the
03 motion has merit. (Dkt. 23.) The Court also reiterated the requirements of Federal Rule of Civil
04 Procedure 56, in accordance with *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).
05 Additionally, noting that plaintiff had been transferred, but had failed to advise the Court as to his
06 current address, the Court reminded plaintiff of his obligation to keep the Court and opposing
07 parties advised as to his current address pursuant to Local Civil Rule 41(b)(2). The Court directed
08 its Order to Show Cause to an address defendants provided, at the Washington Corrections Center
09 in Shelton, Washington. (*See* Dkt. 26 at 20.) To date, the Order to Show Cause has not been
10 returned as undeliverable and plaintiff has not responded to either that Order or defendants'
11 summary judgment motion.

12 As reflected above, the Court deems plaintiff's failure to oppose to be an admission that
13 defendant's motion has merit. *See* Local Rule 7(b)(2). The Court further finds, having
14 considered the papers and pleadings submitted by defendants, as well as the balance of the record
15 in this matter, that defendant's motion for summary judgment should be granted.

16 ## BACKGROUND

17 On November 25, 2006, plaintiff was asked by Snohomish County Jail Correctional Officer
18 Mark Woolley to pack his belongings in order to facilitate a move to a different cell. (*See* Dkt.
19 23, ¶ 3.) Plaintiff refused the directive and Officer Woolley called upon Snohomish County Jail
20 Sergeant Fred Young for assistance. (*Id*., ¶ 4.) Upon plaintiff's continued refusal to comply and
21 warnings as to the use of a can of pepper spray, defendant Young sprayed an approximately three
22 second burst of pepper spray under plaintiff's cell door. (Dkt. 22, ¶ 4 and Dkt. 23, ¶ 4.) Plaintiff
23 repeated his refusal to move cells and only after continued discussions agreed to collect his
24 belongings and be escorted out of his cell. (*Id*.)

25 Snohomish County Jail has a three tier grievance procedure in place, allowing an initial
26

grievance for review by a shift commander and/or supervisor, a second grievance for review by the Manager, and a third and final grievance for review by the Director. (Dkt. 16, ¶ 13.) Plaintiff filed over seventeen kites and thirty grievances during his incarceration at Snohomish County Jail. (Dkt. 24, ¶ 4.) Plaintiff filed two grievances alleging excessive use of force, both dated November 28, 2007, one naming defendant Young and one naming Officer Woolley. (Dkt. 16, ¶ 14.) He concedes that he did not complete the grievance process with respect to this issue. (Dkt. 6 at 2.)

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23.

In this case, plaintiff pursues claims pursuant to 42 U.S.C. § 1983. To establish such a claim, plaintiff must show the violation of a right secured by the Constitution and laws of the United States, and a showing that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A.  Failure to Exhaust

As stated by the Prison Litigation Reform Act (PLRA): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 918-19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that

REPORT &
RECOMMENDATION
PAGE -3

unexhausted claims cannot be brought in court.")  The PLRA does not define "prison conditions," but the Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Here, defendant asserts that plaintiff failed to appeal the two grievances filed concerning the incident at issue.  Moreover, plaintiff concedes in his complaint that he failed to complete the three-tier grievance procedure in place at Snohomish County Jail.  As such, because plaintiff failed to exhaust his administrative remedies, his claims should be denied and this case dismissed.  B.

Excessive Force

Defendant further argues that, even assuming plaintiff had properly exhausted his claims, they fail on the merits.  For the reasons described below, the Court agrees.

The use of excessive force against a prisoner constitutes a violation of the inmate's Eighth Amendment right to be free from cruel and unusual punishment.  *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).[2]  However, "only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and quoted sources omitted).  Force does not amount to a constitutional violation if applied in a good faith effort to restore discipline and order and not "'maliciously and sadistically for the very purpose of causing harm.'" *Clement*, 298 F.3d at 903 (quoting *Whitley*, 475 U.S. at 320-21).

Courts have found the use of pepper spray or other substances in response to a refusal to follow directions to fall within the wide range of deference accorded prison officials in response to breaches of prison discipline.  *See*, *e.g.*, *Clement*, 298 F.3d at 903-04 (inmates housed in cells

---

[2] As asserted by respondent, because plaintiff was in jail for a probation violation, the Court analyzes his claims under the Eighth Amendment.

REPORT &
RECOMMENDATION
PAGE -4

near a prison fight who were exposed to two bursts of pepper spray failed to establish that prison official used the pepper spray maliciously and sadistically for the purpose of causing harm); *Spain v. Procunier*, 600 F.2d 189, 195-96 (9th Cir. 1979) (stating that the "use of [tear gas] in small amounts may be a necessary prison technique if a prisoner refuses after adequate warning to move from a cell or upon other provocation presenting a reasonable possibility that slight force will be required."); *Manier v. Cook*, 394 F. Supp. 2d 1282, 1288 (E.D. Wash. 2005) (finding no excessive use of force where guards fired two taser shots at inmate following his refusal to return to his cell, admitted verbal abuse, and admitted history of self harm).  In this case, defendant Young sprayed a small amount of pepper spray under plaintiff's door following plaintiff's repeated refusals to comply with a directive to move from his cell and warnings that the pepper spray would be used.  These facts fail to demonstrate a malicious and sadistic use of force for the purpose of causing harm, rather than a good faith effort at maintaining discipline.

In sum, it cannot be said that defendant Young's actions rose to the level of a constitutional violation.  As such, plaintiff's claims against defendant Young should be dismissed.[3]

C.      Failure to Train

Plaintiff seeks to hold defendant Snohomish County Jail liable as the entity responsible for training their officers in the proper use of pepper spray.  "[I]f a city employee violates another's constitutional rights, the city may be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Collins v. City of Harker Heights*, 503 U.S. 115, 123 (1992).  However, "an individual may recover under § 1983 only when his federal rights have been violated." *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996) (citing and quoting *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has

---

[3] Finding no basis for plaintiff's claims against defendant Young, the Court declines to address defendant's argument that he is shielded from this action by the doctrine of qualified immunity.

REPORT &
RECOMMENDATION
PAGE -5

suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."))

Here, for the reasons described above, plaintiff has failed to establish that he suffered a constitutional injury. As such, his failure to train claim against Snohomish County Jail necessarily fails.

## CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion for summary judgment be granted and that plaintiff's complaint and this action be dismissed with prejudice.[4] A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of October, 2007.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

---

[4] Defendants request that this action count as a strike under 28 U.S.C. § 1915(g). However, the Court does not find a sufficient basis to support such a request.

REPORT &
RECOMMENDATION
PAGE -6